IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Hoa Doan, | No. CV 13-3866 CRB |
| Plaintiff, | **ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| San Ramon Valley Unified School District, | |
| Defendant. | |

Plaintiff Hoa Doan, acting pro se, brings this employment discrimination suit against Plaintiff's former employer, San Ramon Valley Unified School District ("SRVUSD"), arguing that Plaintiff was discriminated against because of race, sex, religion, national origin, and "other."[1] Additionally, Plaintiff alleges he was retaliated against for filing a complaint with the District.

Defendant moves to dismiss, arguing that Plaintiff has not set forth any facts to state a cause of action for retaliation or any form of discrimination. In the alternative, Defendant moves for a more definite statement under Federal Rule 12(e).

The Court GRANTS Defendant's motion to dismiss with leave to amend because the Plaintiff's complaint is devoid of essential facts, including names of individuals and dates of events.

---

[1] The box next to the "other" selection is unreadable and it is unclear from the record what the "other" discrimination is. The Plaintiff should amend the complaint to better explain the "other" discrimination.

## I. BACKGROUND

Plaintiff Hoa Doan is suing the SRVUSD, alleging retaliation and discrimination based upon race, religion, sex, and national origin. See Compl. (dkt. 1) at 2. Although there is not a specific date associated with the allegations, it appears that the alleged discriminatory conduct against Plaintiff started around September, 2009. See Letter (dkt. 13) at 2. It appears that Plaintiff complained to an individual, Steve Anderson, that another employee was being lazy and not doing his job properly. See Compl. at 1. Plaintiff alleges that Steve retaliated against Plaintiff because of the complaint. See id. Plaintiff explains that the retaliation involved being forced to do extra labor, being denied a machine mop when requested, being forced to work when it was known that Plaintiff was injured, being subjected to a racist comment[2], and being fired.[3] Plaintiff indicates a belief in Buddha and God, but there's no explanation as to how this ties into the discrimination claim. See id. Plaintiff additionally alleges that other custodians had to effectively pay into a program, sometimes as much as $3,000, to become a custodian. See Letter at 2.[4] Plaintiff was issued a right to sue letter by the EEOC and properly notified the SRVUSD that a suit would be brought. See Compl. at 6-7.

## II. LEGAL STANDARD

### A. Motion to Dismiss

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in a complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). "Detailed factual allegations" are not required, but the Rule does call for sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)).

---

[2] It is unclear what the racist comment was about.

[3] It is unclear when, exactly, Doan was fired.

[4] Plaintiff appears to be alluding to an extortion claim, but Plaintiff fails to specifically articulate this cause of action.

2

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleadings was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect "without contradicting any of [the] original complaint." Reddy v. Litton Indus., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted. Id. at 296-97.

Pro se pleadings are to be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); see also Balisteri v. Pacifica Police Department Dept., 901 F.2d 296, 699 (9th Cir. 1990) (noting that "pro se pleadings are liberally construed, particularly where civil rights are involved"). But, a liberal interpretation "may not supply essential elements of the claim that were not initially pled." Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (internal quotation marks and citations omitted). Mere conclusions are not sufficient to state a cause of action. Papasan v. Allain, 478 U.S. 265, 286 (1986); see also McGlinchy v. Shell Chem Co., 845 F.2d 802, 810 (9th Cir. 1988). Nevertheless, a complaint should not be dismissed without leave to amend unless it is clear that the claims could not be saved by amendment. Swartz v. KPMG LLP, 476 F.3d 756, 760 (9th Cir. 2007).

### B. Employment Discrimination

In order to prevail in a Title VII case, plaintiff must first establish prima facie case of discrimination. In particular, plaintiff must show that he was (1) a member of a protected class, (2) qualified for the position, (3) subjected to an adverse employment action, and (4) similarly situated to individuals outside the protected class who were treated more favorably. Aragon v. Republic Silver State Disposal Inc., 292 F.3d 654, 658 (9th Cir. 2002). For discrimination claims, an adverse employment action "is one that 'materially affect[s] the compensation, terms, conditions, or privileges" of employment. Davis v. Team Elec. Co.,

1  520 F.3d 1080, 1089 (9th Cir. 2008) (quoting Chuang v. Univ. of Cal. Davis, Bd. of Trs., 225
2  F.3d 1115, 1126 (9th Cir. 2000)).

3  Once a plaintiff establishes a prima facie case of discrimination, the burden shifts to
4  the defendant to articulate a legitimate, nondiscriminatory reason for its allegedly
5  discriminatory conduct. Surrell v. Cal. Water Serv. Co., 518 F.3d 1097, 1106 (9th Cir.
6  2008). If the defendant articulates such a nondiscriminatory reason, the burden shifts back to
7  plaintiff to show that "employer's proffered nondiscriminatory reason is merely a pretext for
8  discrimination." Id. (quoting Dominguez-Curry v. Nevada Transp. Dep't, 424 F.3d 1027,
9  1037 (9th Cir. 2005)).

10 For claims of status-based discrimination (race, color, national origin, sex, religion),
11 plaintiff needs to show that "the motive to discriminate was one of the employer's motives,
12 even if the employer also had other, lawful motives." Univ. of Tex. Sw. Med. Ctr. v. Nassar,
13 133 S. Ct. 2517, 2523 (2013).

### C. Retaliation

15 To state a prima facie case of retaliation, plaintiff must show that (1) he engaged in a
16 protected activity, (2) he suffered an adverse employment action, and (3) there was a causal
17 link between the protected activity and the adverse employment action. Villiarimo v. Aloha
18 Island Air, Inc., 281 F.3d 1054, 1064 (9th Cir. 2002). To establish that he suffered an
19 adverse employment action, plaintiff must show that a reasonable employee would have
20 found that the employment action "might well have dissuaded a reasonable worker from
21 making or supporting a charge of discrimination." Burlington N. and Santa Fe Ry. Co. v.
22 White, 548 U.S. 53, 68 (2006) (internal quotation omitted).

23 Once a plaintiff establishes a prima facie case of retaliation, the burden shifts to
24 defendant to articulate a legitimate reason for the adverse employment action. Surrell, 518
25 F.3d at 1106. If the defendant articulates a valid motive, the plaintiff must show that the
26 stated reason was merely a pretext for retaliation. Id. (citing Dominguez-Curry, 424 at
27 1037). To establish causation, "Title VII retaliation claims require proof that the desire to

retaliate was the but-for cause of the challenged employment action." Nassar, 133 S. Ct. at 2528.

## III. DISCUSSION

### A. Plaintiff Has Not Established Facts Sufficient to Constitute a Claim for Discrimination

The complaint fails to establish: Plaintiff's race or national origin, the race of other similarly situated employees, the identities of supervisors involved, Plaintiff's sex , that Plaintiff performed the job satisfactorily, a causal link between the alleged misconduct and discrimination. See generally Letter (dkt. 13); see Univ. of Tex. Sw. Med. Ctr., 133 S. Ct. at 2523 (holding that plaintiff must show that "the motive to discriminate was one of the employer's motives, even if the employer also had other, lawful motives."). Additionally, Plaintiff suggests that there is religious discrimination here, but only makes a passing remark about being Buddhist and believing in God. See Letter at 2. It is factually unclear how his religious affiliation was a factor in the alleged misconduct by the Defendant. It is also unclear from the record where the alleged misconduct by the employer was driven by a discriminatory intent. See generally Compl.

If the action is to proceed, the Plaintiff must amend the complaint to describe: (1) protected status, (2) qualification for the position, (3) a causal link between the alleged misconduct and discriminative motive, and (4) that Plaintiff was similarly situated to individuals outside the protected class who were treated more favorably. See Aragon, 292 F.3d at 658. Without more detail and a better explanation of the time line, the Court cannot properly make judgments as to the pertinent facts of the case.

### B. Plaintiff Has Not Established Facts Sufficient to Constitute a Claim for Retaliation

Plaintiff has a lower burden to prove adverse employment action on a claim of retaliation compared to a discrimination claim: he must only show that the alleged retaliatory act "might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington, 548 U.S. at 68. The adverse employment action need not be severe. McAlindin v. Cnty. of San Diego, 192 F.3d 1226, 1239 (9th Cir. 1999). When

1 considering an alleged retaliatory act, "[c]ontext matters." Burlington, 548 U.S. at 69. For
2 example, a "schedule change in an employee's work schedule may make little difference to
3 many workers, but may matter enormously to a young mother with school-aged children."
4 Id. Although it may be easier to establish an adverse employment action for a retaliation
5 claim, the causation standard is higher than the motivating-factor causation required for a
6 discrimination claim. Establishing causation requires "proof that the desire to retaliate was
7 the but-for cause of the challenged employment action." Nassar, 133 S. Ct. at 2528. Filing
8 an EEOC claim, opposing a discriminatory practice, or participating in Title VII enforcement
9 proceedings have been held to constitute expressions protected by Title VII. See Burgos,
10 330 Fed. App'x at 189.

11 In his Complaint, Plaintiff writes that he experienced retaliation. However, Plaintiff
12 alleges no facts to show retaliation, such as that Plaintiff engaged in a protected activity and
13 that it was causally linked to the alleged retaliation by Steve Anderson.[5] Although Plaintiff
14 filed a notice with the EEOC, it is unclear where this notice falls within the time line because
15 Plaintiff does not address when the supposed violation by Steve Anderson occurred. Id.
16 Furthermore, there is nothing in the record that explains what the alleged complaint filed
17 with the District entailed. Although it is not clear from the record, it seems that the
18 retaliation against Plaintiff was that he was ordered to work more than other employees and
19 was ordered to work when it was known that he was hurt. See id.

20 If this action is to proceed, the Plaintiff must amend the complaint to better explain:
21 (1) that Plaintiff engaged in a protected activity, and (2) that there was a causal link between
22 the protected activity and the adverse employment action.

23 /
24 /
25 /
26 /

---

[5] It is unclear from the record who Steve Anderson is.

6

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss with leave to amend.

**IT IS SO ORDERED.**

Dated: November 4, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE