IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOA DOAN,<br><br>            Plaintiff,<br><br>    v.<br><br>SAN RAMON VALLEY SCHOOL DISTRICT,<br><br>            Defendant.        / | No. C 13-03866 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND** |

    Pro se plaintiff Hoa Doan brought suit against Defendant San Ramon Valley Unified School District ("SRVUSD" or "Defendant"), alleging race and disability discrimination in connection with his employment. See generally First Amended Complaint ("FAC") (dkt. 21). Defendant now moves to dismiss. The Court GRANTS the motion, with leave to amend.

**I.    BACKGROUND**

    Plaintiff alleges that, in 2006, SRVUSD failed to interview him, although he had received good referrals and evaluations in his previous position with the same school district. See FAC ¶ 1. Plaintiff also states that Mr. Anderson, possibly his supervisor, occasionally gave him heavy work, although he could only work light duties, due to a disability. Id. ¶ 1-2. Anderson yelled at him and failed to resolve harassment issues between Plaintiff and his co-workers. Id ¶¶ 3, 5. Plaintiff worked through lunch and other breaks, and once worked overtime hours without receiving overtime pay. Id. ¶¶ 2-4.

    Plaintiff's arm had been hurting and he had to see an acupuncturist, but Anderson told Plaintiff that he did not have the proper doctor's paperwork. Id. ¶ 4. However, it is unclear whether Anderson would let Plaintiff take time off to see the acupuncturist. Id.

1  Anderson also screamed at Plaintiff on another occasion after he came back from taking sick
2  leave in November 2010. Id. ¶ 4.

3  Plaintiff brought suit in Federal District Court of the Northern District of California
4  in August 2013. See generally Compl. (Dkt. 1). Defendant filed a motion to dismiss, which
5  the Court granted on November 4, 2013. See generally MTD Compl. (Dkt. 12). On
6  December 2, 2013, Plaintiff filed the FAC. The FAC includes causes of action for
7  discrimination based on disability and race. See FAC. Defendant moves to dismiss the
8  FAC.

## II.   LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in a complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). While "detailed factual allegations" are not required, a complaint must include sufficient facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Yet, pro se documents are to be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); see also Balisteri v. Pacifica Police Department Dept., 901 F.2d 296, 699 (9th Cir. 1990) (noting that "pro se pleadings are liberally construed, particularly where civil rights are involved"). But, a liberal interpretation "may not supply essential elements of the claim that were not initially pled." Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (internal quotation marks and citations omitted).

Furthermore, a complaint should not be dismissed without leave to amend unless there is strong evidence that an amendment will result in "undue delay, bad faith ... repeated failure to cure deficiencies by amendments previously allowed ... [or] futility of amendment ...." Fed. R. Civ. P. 15; Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013). In determining the futility of an amendment, the court

1  should examine whether the complaint could be amended to cure the defect "without
2  contradicting any of [the] original complaint." Reddy v. Litton Indus., 912 F.2d 291, 296
3  (9th Cir. 1990). A party may amend its pleading once as a matter of course, but in "all other
4  cases, it may amend its only with the opposing party's written consent or the court's leave,
5  which the court should freely grant when justice so requires." Fed. R. Civ. P. 15.

### III. DISCUSSION

#### A. Plaintiff's Untimely Opposition

Both parties agree that Plaintiff filed an untimely opposition to Defendant's Motion to Dismiss. See Opp'n to MTD FAC at 1, ln 4 (dkt. 23); Reply re MTD FAC at 1 (dkt. 24). Nonetheless, courts have discretion in enforcing such deadlines, and court policies favor resolution of cases on the merits. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995); see also Canady v. Erbe Elektromedizin GmbH, 307 F. Supp. 2d 2, 8 (D.D.C. 2004). Thus, this Court does not dismiss based on the untimely filing.

#### B. Discrimination Based on Race or National Origin

To state a claim for discrimination, Plaintiff must show that: (1) he belongs to a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) employees with qualifications similar to his own were treated more favorably. See Aragon v. Republic Silver State Disposal Inc., 292 F.3d 654, 658 (9th Cir. 2002). In a racial discrimination case, a plaintiff must allege that he is a member of a recognized racial group. See Maduka v. Sunrise Hosp., 375 F.3d 909, 912 (9th Cir. 2004). An adverse employment action "is one that 'materially affect[s] the compensation, terms, conditions, or privileges" of employment. Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008) (quoting Chuang v. Univ. of Cal. Davis, Bd. of Trs., 225 F.3d 1115, 1126 (9th Cir. 2000)). Finally, in any discrimination complaint, a plaintiff must show that he has filed a charge with the Equal Employment Opportunity Commission (EEOC) and received a Right to Sue Letter (RSL). Lebron-Rios v. U.S. Marshal Serv., 341 F.3d 7, 13 (1st Cir. 2003).

3

Plaintiff's FAC does not contain any facts related to racial discrimination or national origin discrimination. See generally FAC.[1] Plaintiff does allege some adverse employment action, such as not receiving an interview in 2006, but does not connect it to his race or national origin. See id. ¶ 1. Finally, Plaintiff has not shown that he has filed a charge with the EEOC.[2]

Plaintiff is given leave to amend because he has cured deficiencies from the previous complaint and amending the complaint with more detail could lead to a viable claim. Plaintiff may amend to clearly articulate that: (1) he is a member of a recognized racial group; (2) he was qualified for the position; (3) he suffered an adverse action; and (4) employees with similar qualifications to his own, who were not of his race were treated more favorably. Plaintiff may also specify who supervised him and attach a copy of his RSL.

**B.     Discrimination Based on Disability**

Plaintiff's disability discrimination claim relates to events that occurred from 2009-2012, after the Americans with Disabilities Act ("ADA") was amended in 2009; accordingly the Americans with Disabilities Act Amendments Act ("ADAAA") governs.[3] See FAC ¶¶ 1-2, 4, 8.

Under both ADA and ADAAA (collectively, "ADA"), a plaintiff must allege that: (1) he is disabled; (2) he is a qualified individual capable of performing the essential functions of the job either with or without reasonable accommodation; and (3) he was unlawfully discriminated against because of the disability. See Nunes v. Wal-Mart Stores, Inc., 164

---

[1] While his Opposition to the Motion to Dismiss claims that he is of Vietnamese descent, a "court may not ... take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)." Schneider v. California Dep't of Corrections, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998).

[2] Plaintiff attached a Right to Sue Letter to his original complaint, but did not do so or refer to it in his FAC. See Compl. Ex. 2; see also FAC.

[3] Plaintiff has not cited to the ADA, but only to Title VII. However, he does make a claim for both discrimination based on his nationality (Title VII) and discrimination based on a disability (ADA).

4

1  F.3d 1243, 1246 (9th Cir. 1999). Under the ADA, a disability is to be broadly construed "to
2  the maximum extent permitted by the terms of this chapter." 42 U.S.C. § 12102.

3  A plaintiff can show that he was unlawfully discriminated against if an employer
4  refused to give a reasonable accommodation after a disabled employee has asked for it,
5  unless the employer can show an undue hardship in granting an accommodation. See 42
6  U.S.C. § 12112(5)(a); see also U.S. E.E.O.C. v. UPS Supply Chain Solutions, 620 F.3d
7  1103, 1110 (9th Cir. 2010).

8  Here, Plaintiff has not explained what type of disability he has or whether he asked
9  for an accommodation which his employer refused. See generally FAC. He has, however,
10 alleged that he had to work difficult duties even though he had a disability. Id. ¶ 1. Plaintiff
11 is granted leave to amend as these facts can be remedied by an additional amendment
12 without contradicting any of the original complaint.

### C. Plaintiff Has Not Established Facts Sufficient to Constitute a Claim for Retaliation

In a retaliation action under both Title VII and the ADA, a plaintiff must show that: (1) he engaged in a protected activity; (2) he suffered an adverse employment action; and (3) there was a but-for causal link between the protected activity and the adverse employment action. Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1064 (9th Cir. 2002); Univ. of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2528 (2013).[4]

An employee may engage in a protected activity as long as he has a "good faith, objectively reasonable belief that his activity is protected by the statute." Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1328 (11th Cir. 1998); see also Trent v. Valley Elec. Ass'n Inc., 41 F.3d 524, 526 (9th Cir. 1994). For example, asking for an accommodation is a type of protected activity under the ADA. Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1328 (11th Cir. 1998). Under Title VII, filing a charge with the EEOC, opposing a

---

[4] Nassar created a new burden on plaintiffs to show but-for causation in Title VII retaliation claims. 133 S. Ct. at 2534. No court has had the opportunity to apply Nassar to ADA retaliation claims. However, courts have held that ADA retaliation claims are subject to the same framework of analysis as that of Title VII. Brown v. City of Tucson, 336 F.3d 1181, 1186 (9th Cir. 2003).

5

discriminatory practice, or participating in Title VII enforcement proceedings are all protected activities. 42 U.S.C. § 2000e-3(a).

An adverse employment action is one in which a reasonable employee would have found that the employment action might well "have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (internal quotation omitted).

Here, Plaintiff does not mention an EEOC claim or other such protected activity, nor does he link any activity with his adverse employment action. See generally FAC. If this action is to proceed, Plaintiff must establish: (1) the nature of Plaintiff's protected activity and (2) a but-for causal link between the protected activity and the adverse employment action(s).

## IV.     CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Dismiss the FAC, with leave to amend within 60 days of this order.

**IT IS SO ORDERED.**

Dated: January 27, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE