IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOA DOAN,<br><br>             Plaintiff,<br><br>     v.<br><br>SAN RAMON VALLEY SCHOOL DISTRICT,<br><br>             Defendant.     / | No. C 13-03866 CRB<br><br>**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE** |

Pro se Plaintiff Hoa Doan is a Vietnamese public school janitor who filed suit against Defendant San Ramon Valley Unified School District ("Defendant") alleging race and disability discrimination in connection with his employment. See generally Second Amended Complaint ("SAC") (dkt. 28). Defendant now moves to dismiss. Doan has had two opportunities to amend his complaint and the most recent iteration both contradicts previous complaints and also concedes that he fails to establish elements of various of his claims. Therefore, the Court GRANTS the motion to dismiss with prejudice.

## I.   BACKGROUND

Plaintiff alleges that he began working as a custodian for California public schools in or around 2001. SAC ¶ 5c. In or around April 2006 Plaintiff began working at Diablo Vista Middle School in Danville, California under the supervision of Vice Principal Steve Anderson. Id. In or around November 2008, Plaintiff began feeling pain in both arms which subsequently spread to his, neck, back, and beyond. Id. ¶ 5d. In or around May 2009 Plaintiff received a doctor's note indicating that he should have rest and only light-duty work that would require lifting no more than 10 pounds. Id. ¶ 5e. Defendant accommodated Plaintiff with light-duty work for four months, and then nine months leave with pay. Id. ¶ 5f. After he regained the ability to lift up to 50 pounds, Plaintiff decided to return to work on or

around June 7, 2010.  Id. ¶ 5g.  Upon returning to work, Plaintiff was given help with heavy objects and was not asked to lift heavy objects with any frequency.  Id. ¶ 5h.

Months later, Anderson began giving Plaintiff negative performance evaluations, some of which Plaintiff concedes were accurate.  Id. ¶ 5j.  Anderson then began increasing Plaintiff's workload.  Id. ¶ 5k.  In June 2011, Plaintiff alleges that Anderson asked him to move a heavy stack of chairs.  Id. ¶ 5l.  When Plaintiff used a cart to push the chairs, Anderson yelled at him and called him "stupid," and refused to allow Plaintiff to use the cart to move the chairs approximately 60 feet.  Id.  Anderson's order required Plaintiff to work 1 hour and 40 minutes overtime for which he was not paid.  Id. ¶ 5m.  Plaintiff further alleges that he was required to mop the floors by hand which was strenuous, because the mopping machine was broken.  Id. ¶ 5n.  Plaintiff continued to receive negative performance evaluations and, although he concedes that he was performing work inadequately because of his physical condition, he believes his negative evaluations were worse than his performance justified.  Id. ¶ 5p.  On or around June 21, 2012, the district asked Plaintiff to take another paid leave.  Id. ¶ 5q.   On or around August 21, 2012, Plaintiff was terminated.  Id.

Plaintiff alleges that his two coworkers were treated better than he was.  Id. ¶ 5r. For example, the coworkers allegedly received free uniforms, and were allowed to deposit garbage from home in the school dumpster.  Id.  Plaintiff further alleges that another Vietnamese custodian has complained about unfair treatment by Anderson.  Id. ¶ 5u.

Plaintiff brought suit in Federal District Court of the Northern District of California in August 2013.  See generally Compl. (dkt. 1).  The Court granted Defendant's motion to dismiss without prejudice on November 4, 2013 (dkt. 18).  On January 27, 2014, the Court granted Defendant's second motion to dismiss without prejudice (dkt. 26).  The SAC includes causes of action for discrimination based on disability and race, and for retaliation.  Defendant now moves to dismiss the SAC (dkt. 30).  The Court now dismisses with prejudice.

## II. LEGAL STANDARD

A Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in a complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). While "detailed factual allegations" are not required, a complaint must include sufficient facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In addition, pro se documents are to be liberally construed, and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); see also Balisteri v. Pacifica Police Department Dept., 901 F.2d 296, 699 (9th Cir. 1990) (noting that "pro se pleadings are liberally construed, particularly where civil rights are involved"). But, a liberal interpretation "may not supply essential elements of the claim that were not initially pled." Pena v. Gardner, 976 F.2d 469, 471 (9th Cir. 1992) (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Plaintiff Fails to Establish Discrimination Based on Race or National Origin

The first issue is whether Plaintiff states a claim for discrimination based on race or national origin. To state a claim for discrimination, Plaintiff must show that: (1) he belongs to a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) employees with qualifications similar to his own were treated more favorably. Vasquez v. Cnty. of Los Angeles, 349 F.3d 634, 648 (9th Cir. 2003). Plaintiff's SAC fails to allege that Plaintiff was qualified for the position in that the SAC acknowledges Plaintiff was performing the work unsatisfactorily. SAC ¶¶ 5j, 5p. Nor does Plaintiff satisfactorily plead that other similarly qualified employees were treated preferentially: that another custodian was allowed to dispose of personal garbage in the school dumpster is of no moment because Plaintiff does not allege that he was ever

prohibited from doing the same. See Id. ¶ 5r. Finally, Plaintiff fails to establish that race or national origin were a factor in the way he was treated. Therefore, the motion is GRANTED with prejudice as to the race discrimination claim.

### B.   Plaintiff Fails to Establish Discrimination Based on Disability

The next issue is whether Plaintiff states a claim for discrimination based on disability. Under the Americans with Disabilities Act ("ADA") Plaintiff must allege that: (1) he is disabled, (2) he is a "'qualified individual' capable of performing the essential functions of the job either with or without reasonable accommodation," and (3) he was unlawfully discriminated against because of the disability. See Nunes v. Wal-Mart Stores, Inc., 164 F.3d 1243, 1246 (9th Cir. 1999). Under the ADA, a disability is to be broadly construed "to the maximum extent permitted by the terms of this chapter." 42 U.S.C. § 12102.

A plaintiff can show that he was unlawfully discriminated against if an employer refused to give a reasonable accommodation after a disabled employee has asked for it, unless the employer can show an undue hardship in granting an accommodation. See 42 U.S.C. § 12112(5)(a); see also U.S. E.E.O.C. v. UPS Supply Chain Solutions, 620 F.3d 1103, 1110 (9th Cir. 2010). Here, Plaintiff has not sufficiently alleged that he has a disability within the meaning of the ADA. Even assuming his neck and arm pain constitute a disability for purposes of the ADA, he admits that he was not adequately performing the custodial work. SAC ¶¶ 5j, 5p. Plaintiff further concedes that he was given generous accommodations: Defendant accommodated Plaintiff with light-duty work for four months, and then nine months leave with pay. Id. ¶ 5f. Upon returning to work, Plaintiff was given help with heavy objects and not asked to lift heavy objects with any frequency. Id. ¶ 5h. Therefore, Plaintiff has failed to establish that he was disabled or that he was discriminated against and the motion is GRANTED with prejudice as to the ADA claims.

### C.   Plaintiff Fails to Establish a Retaliation Claim

The final issue is whether Plaintiff states a claim for retaliation. In a retaliation action under both Title VII and the ADA, Plaintiff must show that (1) he engaged in a protected activity, (2) he suffered an adverse employment action, and (3) there was a but-for causal

4

link between the protected activity and the adverse employment action. <u>Univ. of Tex. Sw. Med. Ctr. v. Nassar</u>, 133 S. Ct. 2517, 2528 (2013); <u>Villiarimo v. Aloha Island Air, Inc.</u>, 281 F.3d 1054, 1064 (9th Cir. 2002). An employee may engage in a protected activity as long as he has a good faith, objectively reasonable belief that his activity is protected by statute. <u>See Trent v. Valley Elec. Ass'n Inc.</u>, 41 F.3d 524, 526 (9th Cir. 1994). For example, asking for an accommodation is a type of protected activity under the ADA. <u>Standard v. A.B.E.L. Servs., Inc.</u>, 161 F.3d 1318, 1328 (11th Cir. 1998). Under Title VII, filing a charge with the EEOC, opposing a discriminatory practice, or participating in Title VII enforcement proceedings are all protected activities. 42 U.S.C. § 2000e-3(a). Here, Plaintiff fails to establish that he was fired as a result of any protected activity. Rather, he acknowledges that his work, even with accommodations, was inadequate. SAC ¶¶ 5j, 5p. Therefore, the Motion to Dismiss is GRANTED with prejudice.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Dismiss the SAC with prejudice.

**IT IS SO ORDERED.**

Dated: May 16, 2014

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE